UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **EARNESTINE TREVINO** ) | |
| **DECASUAL-SMITH, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:21CV1313 HEA |
| ) | |
| **THE TERRITORY OF MISSOURI** ) | |
| **DBA LAURWEN LEIGH MANN,** ) | |
| **et al.,** ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on Defendants PPH Mortgage Corporation, Lauren Leigh Mann, A Public Corporation, d/b/a/ Millsap & Singer, P.C.'s Motion to Dismiss [Doc. No. 22]. Plaintiffs have not responded to the Motion. For the reasons set forth below, the Motion will be granted.

### Facts and Background

On November 2, 2021, Plaintiffs filed a Complaint in this Court against Defendants for "trespass, wrongful eviction, slander, libel and the intentional infliction of emotional distress." Plaintiffs asserted four counts against Defendants: (1) Unlawful Trespass; (2) Wrongful Foreclosure; (3) Slander; and (4) "Intentional Infliction of Emotional Stress."

On December 16, 2019 a foreclosure sale took place on the premises situated in St. Louis County, State of Missouri, described and known as 21 W. Waymire Ave, St. Louis, MO 63119. Defendant Wells Fargo Bank, National Association, as Trustee for MASTR Asset Backed Securities Trust 2004-OPT2, Mortgage Pass-Through Certificates, Series 2004-OPT2, purchased the property.

On March 10, 2020, Defendant Wells Fargo filed its Petition in Unlawful Detainer against Plaintiffs in state court (St. Louis County Associate Circuit Court case number 20SL-AC07599 referred to herein as "state court case"). On December 2, 2020, Defendant Wells Fargo filed its Motion for Summary Judgment in Unlawful Detainer in the state court case. On March 3, 2021, a hearing on Defendant Wells Fargo's Motion for Summary Judgment in the state court case was held. Wells Fargo's motion was granted, and Judgment was entered in favor of Wells Fargo granting restitution of the premises found to have been unlawfully detained: 21 W Waymire Ave, St. Louis, MO 63119. The court also awarded damages against Earnestine Decasual-Smith and Gerald Liddell at the rate of $5,000.00 per month for rents and profits from December 16, 2019 to the date of judgement (March 3, 2021) and until restitution of possession is made, together with costs and expenses.

On September 30, 2021, Plaintiffs filed in the state court case a "Petition to Vacate Void Orders and Recuse" and moved the court to void the previously entered judgment against them.

On October 25, 2021, Defendant Wells Fargo filed its Order to Issue Execution in Unlawful Detainer for Possession of Premises pursuant to RSMo §534.370. On October 28, 2021, Associate Circuit Court Judge the Honorable Matthew H. Hearne granted the Order to Issue Execution in Unlawful Detainer. On October 29, 2021, the clerk issued the Execution in Unlawful Detainer for Possession of Premises.

On November 1, 2021, Plaintiffs filed in the state court case the following purportedly also filed in the United States Federal District Court for the Eastern District of Missouri:

a. Notice of Removal to Federal Court;

b. Affidavit of Facts in Support of Notice of Removal;

c. Notice of Lis Pendis [sic];

d. Verified Complaint for Equitable Relief to Set Aside Trustee Sale and for Damages; and

e. Joinder in Notice of Removal Action.

On November 2, 2021, Plaintiffs filed in the state court case a document titled, "Notice of Special Divine Appearance and Affidavit in Support of Dismiss of Matter for Lack of Personal Jurisdiction." This document identifies that it was to be "served upon the circuit court of St. Louis County, case number 20SL-AC07599, et al."

Also on November 2, 2021, Plaintiffs filed in the state court case a document titled, "Writ of Mandamus/Prohibition under 28 U.S.C. Sect. 1333 and 1337, 28 U.S.C. Sect 1516, RSMo 1.010. Article V, Sec. 4, Rules 94".

On November 4, 2021, Plaintiffs filed in the state court case the following documents:

a. Petition to Challenge Jurisdiction of Eviction Court The Eviction is Intertwined with a title dispute in Federal Court;

b. Counter-Claim 2.5 Million dollar Civil Claim for Trespass, Wrongful Eviction, Slander, Libel, and Intentional Emotional Distress, - The Claim is also against the Defendant's Assets;

c. Writ of Mandamus Demand to Strike Defendant's "Notice of Appearance" from the Record, A corporation Cannot Represent it's Self in Court.

On November 8, 2021, Plaintiffs filed a Notice of Appeal to Missouri Court of Appeals Eastern District.

On November 12, 2021, Plaintiffs filed a Notice of Stay of Proceedings and an Application for Stay of Execution Ex Parte, in the Associate Circuit Court of St. Louis.

The Motion to Stay was denied per RSMo §534.380, which states as follows:

Judgment stay for appeals. — Applications for appeals shall be allowed and conducted in the manner provided as in other civil cases. Application for appeal shall not stay execution for restitution of the premises unless the defendant gives bond within the time for appeal. The bond shall be for the amount of the judgment and with the condition to stay waste and to pay all subsequently accruing rent, if

any, into court within ten days after it becomes due, pending determination of the appeal, subject to the judge's discretion. However, in any case in which the defendant receives a reduction in rent due to a local, state or federal subsidy program, the amount of the bond shall be reduced by the amount of said subsidy. Execution other than for restitution shall be stayed if the defendant files a bond in the proper amount at such time as otherwise provided by law.

On November 15, 2021, Plaintiffs filed "Supersedeas Bond to Stay execution on Appeal of Summary Ejectment Judgment Private Surety Bond." On November 15, 2021, The Order Granting Stay and Accepting Supersedeas Bond was denied by Judge Robert M. Heggie.

On November 15, 2021, Plaintiff Gerald Liddell filed a Request for Ex Parte Emergency Hearing. This was also denied by the Duty Judge on the same day.

On November 16, 2021, the sheriff's return of service of Execution in Unlawful Detainer for Possession of Premises was filed in the state court case demonstrating execution of the possession writ.

On November 24, 2021, the acknowledgment receipt of the Notice of Appeal to the Missouri Court of Appeals Eastern District was filed in the state court case.

In their Motion, Defendants seek to dismiss the Complaint for lack of subject matter jurisdiction on the basis of the *Rooker-Feldman* doctrine.

## Rule 12(b)(1) Standard

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss an action based on lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a

5

threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Godfrey v. Pulitzer Pub. Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998) (internal citations and quotation marks omitted). "The purpose of a Rule 12(b)(1) motion is to allow the court to address the threshold question of jurisdiction, as 'judicial economy demands that the issue be decided at the outset rather than deferring it until trial.' " *B.A. v. Missouri*, No. 2:16 CV 72 CDP, 2017 WL 106433, at *1 (E.D. Mo. Jan. 11, 2017) (quoting *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990)). To dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), " 'the complaint must be successfully challenged on its face or on the factual truthfulness of its averments.' " *Swiish v. Nixon*, No. 4:14-CV-2089 CAS, 2015 WL 867650, at *2 (E.D. Mo. Feb. 27, 2015) (quoting *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993)).

The Eighth Circuit has held that "[i]n deciding a motion under Rule 12(b)(1), the district court must distinguish between a facial attack—where it looks only to the face of the pleadings—and a factual attack—where it may consider matters outside the pleadings." *Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018) (citing *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990)); *see also Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018); *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *C.S. ex rel. Scott v. Mo. State Bd. of Educ.*, 656 F. Supp. 2d 1007, 1011 (E.D. Mo. 2009).

To survive a motion to dismiss for lack of subject matter jurisdiction, the party asserting jurisdiction has the burden of establishing that subject matter jurisdiction exists. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

## Discussion

Defendants argue the *Rooker-Feldman* doctrine applies because in this case, according to Defendants, Plaintiffs are attacking the state court's judgment.

Under the *Rooker-Feldman* doctrine, federal courts are without jurisdiction to review state-court judgments or to address federal claims with allegations that are inextricably intertwined with a state-court decision. *Beaton v. Rent-A-Center, Inc.*, 312 F. Supp. 3d 772, 774 (E.D. Mo. 2018). A claim is inextricably intertwined if the relief requested "would effectively reverse the state court decision or void its ruling." *Id*. The doctrine is "implicated in that subset of cases where the losing party in a state court action subsequently complains about the judgment and seeks review and rejection of it." *Skit Intern., Ltd. v. DAC Tech. of Ark., Inc.*, 487 F.3d 1154, 1157 (8th Cir. 2007). In these types of cases, the injury stems directly from the state court judgment rather than from some separate injury caused by the defendant. *Id*. The doctrine applies where "(1) the federal court plaintiff lost in state court, (2) the plaintiff complains of injuries caused by a state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was rendered before the district court proceedings commenced." *Rechtzigel v. Mohrman & Kaardal, P.A.*, No. 15-4365 ADM/JSM,

2016 WL 1430016 at *1 (D. Minn. Apr. 11, 2016) (citing *Skit Intern.*, 487 F.3d at 1156-57).

The *Rooker-Feldman* doctrine applies to Plaintiffs' claims. Plaintiffs lost in state court and the state court judgment was entered before these proceedings commenced. Plaintiffs claim their injuries were caused by the state court's judgment. The *Rooker-Feldman* doctrine bars the Court from hearing Plaintiffs' claims.

## Conclusion

Plaintiffs have failed to set forth a basis for this Court's jurisdiction and have failed to dispute the applicability of the *Rooker-Feldman* doctrine. Based upon the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction and must therefore be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, [Doc. No. 22] is **GRANTED**.

A separate Order of Dismissal is entered this same date.

Dated this 7th day of June, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE